**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW GELLMAN,

    Plaintiff,

v.                                                                   Case No:  6:14-cv-1123-Orl-40KRS

NEULION USA, INC.,

    Defendant.

_____

**ORDER**

This cause comes before the Court on Defendant Neulion USA, Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 13), filed November 26, 2014.  Plaintiff has not responded to Defendant's motion to dismiss and the time for doing so has passed.  Upon consideration, the Court grants Defendant's motion to dismiss.

**I.  BACKGROUND[1]**

Plaintiff, Matthew Gellman ("Gellman"), suffers from major depression, bipolar disorder, and other anxiety disorders as diagnosed by his therapist.  (Doc. 4, ¶ 7).  In October 2013, Defendant, Neulion USA, Inc. ("Neulion"), hired Gellman as a customer service representative.  (*Id.* ¶ 6).  While working for Neulion, Gellman was exposed to a hostile and unprofessional work environment which exacerbated his depression and anxiety.  (*Id.* ¶ 8).  Specifically, Gellman's supervisor at Neulion made inappropriate

---

1. This account of the facts is taken from Plaintiff's Complaint (Doc. 4), the allegations of which the Court must accept as true in considering Defendant's motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

comments to his staff, such as, "Suck a cock." (*Id.*).

On November 1, 2013, Gellman suffered a personal health crisis which required hospitalization. (*Id.* ¶ 9). As a result, Gellman contacted Neulion's human resource representative to request time off, which Neulion granted. (*Id.*). On November 11, 2013, Gellman again contacted Neulion's human resource representative to request additional time off due to his disability. (*Id.* ¶ 10). On November 13, 2013, Gellman was hospitalized a second time for mental health issues and was assigned a social worker as a result. (*Id.*). Gellman's social worker proceeded to contact Neulion's human resource representative to advise Neulion of Gellman's status and to provide a medical note exempting Gellman from work. (*Id.*). Neulion responded to the social worker that Gellman had been terminated and that the medical note was unnecessary; the social worker subsequently conveyed this message to Gellman. (*Id.*).

Gellman filed a Charge of Discrimination with the Equal Employment Opportunity Commission on December 12, 2013, and received a Notice of Right to Sue on May 13, 2014. (*Id.* ¶ 13). Gellman initiated this lawsuit against Neulion on July 14, 2014, in which he sues Neulion for disability discrimination pursuant to the Americans with Disabilities Act (*id.* ¶¶ 14–21), and for intentional infliction of emotional distress (*id.* ¶¶ 22–24). On November 26, 2014, Neulion answered Gellman's disability discrimination claim (Doc. 12), but moved to dismiss Gellman's claim for intentional infliction of emotional distress for failing to state a claim upon which relief can be granted (Doc. 13).

II.   **STANDARD OF REVIEW**

In order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 557 (2007). A claim is plausible on its face when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. District courts must accept all well-pleaded allegations within the complaint as true. *Id.* Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

## III. DISCUSSION

To state a claim for intentional infliction of emotional distress, a plaintiff must establish four elements: (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was outrageous, (3) the defendant's conduct caused emotional distress to the plaintiff, and (4) the plaintiff's emotional distress was severe. *Stewart v. Walker*, 5 So. 3d 746, 749 (Fla. Dist. Ct. App. 2009). Neulion challenges whether Gellman has alleged sufficient facts to demonstrate that the conduct at issue is outrageous. (Doc. 13, ¶¶ 6–14).

"The standard for 'outrageous conduct' is particularly high in Florida." *Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994). Conduct is outrageous where "it is so extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized community." *Clemente v. Horne*, 707 So. 2d 865, 867 (Fla. Dist. Ct. App. 1998) (quoting Restatement (Second) of Torts § 46 cmt. d) (internal quotation marks omitted). It is insufficient to show tortious or criminal intent and "[i]t is not enough [to show] that the defendant intended to inflict emotional

distress." *E. Airlines, Inc. v. King*, 557 So. 2d 574, 576 (Fla. 1990); *State Farm Mut. Auto. Ins. Co. v. Novotny*, 657 So. 2d 1210, 1212–13 (Fla. Dist. Ct. App. 1995).  Further, liability does not extend to "insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  *Scheller v. Am. Med. Int'l, Inc.*, 502 So. 2d 1268, 1271 (Fla. Dist. Ct. App. 1987).  Instead, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"  *Clemente*, 707 So. 2d at 867 (quoting Restatement (Second) of Torts § 46 cmt. d) (internal quotation marks omitted).

      This already rigorous level of outrageousness is further heightened in the employment context.  *Paraohao v. Bankers Club, Inc.*, 225 F. Supp. 2d 1353, 1361 (S.D. Fla. 2002) ("Florida and federal courts are generally reluctant to recognize outrageous conduct in the employment context.").  The courts are clear that even conduct as inappropriate as obscene comments, sexual harassment, and racial discrimination that occur in the workplace do not rise to the level of outrageousness sufficient to maintain an action for intentional infliction of emotional distress.  *See, e.g.*, *Salazar v. Delta Health Grp., Inc.*, No. 10-20783-CIV., 2010 WL 5313497, at *2, *12 (S.D. Fla. Dec. 20, 2010) (holding that employer's discriminatory conduct towards employee was not outrageous); *Lay v. Roux Labs., Inc.*, 379 So. 2d 451, 452 (Fla. Dist. Ct. App. 1980) (finding employer's racial epithets directed toward employee were not sufficiently outrageous).

      None of the facts alleged in Gellman's Amended Complaint support a reasonable inference that Neulion's conduct was outrageous.  Gellman states that his supervisor at

Neulion made derogatory remarks to his staff, including, "Suck a cock."[2] (Doc. 4, ¶ 8). Gellman does not contend that he was the recipient of such derogatory remarks or that he was even present when these remarks were uttered. Even assuming Gellman was at the receiving end of this comment, it is certainly not outrageous under Florida law. *See Scheller*, 502 So. 2d at 1271 (holding that mere indignities, insults, and "rough language" are not outrageous). Gellman's allegations of discrimination and hostile work environment, even if proven true, similarly do not rise to a level of outrage. *See Salazar*, 2010 WL 5313497, at *2, *12. Finally, the communication of Gellman's termination to a social worker while Gellman was in the hospital is even further from the type of conduct required for intentional infliction of emotional distress. Accordingly, Count II fails to state a claim for intentional infliction of emotional distress.

Although the facts alleged in the Complaint lead the Court to doubt the viability of a claim for intentional infliction of emotional distress in this particular case, courts are generally dissuaded from dismissing a claim under Rule 12(b)(6) without first affording the plaintiff an opportunity to amend. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The Court will therefore dismiss Count II without prejudice and allow Gellman to amend, if appropriate.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Neulion USA, Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 13) is **GRANTED**.

---

2. This is the only derogatory statement specifically alleged in the Complaint.

2. Count II of Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff has **fourteen (14) days** from the date of this Order to amend his complaint, if appropriate.

**DONE AND ORDERED** in Orlando, Florida on March 6, 2015.

*[signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record